*James & Hewlitt,* for Appellant.

E. MORRIS *v.* RICHARD TYDINGS.

**Interested Witness.**

Unless the witness is interested in the issue presented by the answer. in behalf of himself, he is a competent witness, under subsection 6. section 670, Civil Code.

**Bills and Notes — Assignment — Surety — Notice — Statutes of Limitation.**

The statute does not require a surety to give notice to the payee in a note of his relation to the obligor, before he can avail himself of the Statute of Limitations, as the obligee is presumed to know the relation and the assignment of the note did not deprive the surety of that defense.

APPEAL FROM BULLITT CIRCUIT COURT.

February 26, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

On the 26th of June, 1854, Charles B. Tydings and Richard Tydings executed a joint and several note to one Kaye for $523.25, due twenty-four months from date; Kaye on the 3d of January, 1855, assigned it to appellant without recourse on him, and on the 25th of March, 1864, the assignee instituted an action on the note against both the obligors. Process was served on Richard Tydings, who, in his answer, alleged that he was only the surety of Charles B. Tydings on said note, and relied upon the lapse of time and Statute of Limitations as a bar to the action against him.

On the trial Charles B. Tydings was admitted as a witness to sustain the defense, notwithstanding the objections of appellant, and whether or not he was competent to testify presents the main question for consideration.

Unless Charles B. Tydings was interested in the issue presented by the answer of R. Tydings, in behalf of himself, or was

a party to the issue in behalf of himself, or some one united with him in the issue, he was competent under *subdivision 6, section 670, Civil Code.*

Although the action was brought jointly against C. B. & Richard Tydings, still the former was certainly not a party to the issue presented by the latter; the defense was not a joint one; was he then interested in that issue? Appellant insists he was, at least to the extent of the costs involved, and argues " that a judgment against the surety for costs is in effect a judgment against the witness, for the surety has the right to control the judgment, or decree, or the execution thereon for his own benefit, so far as to obtain satisfaction from the principal for the whole amount paid by him with interest," etc.

If this be conceded, then if it should be shown that R. Tydings was a principal obligor with C. B. Tydings, equally interested with him in the consideration for which the note was executed, and bound as between C. B. Tydings and himself to pay one-half thereof, it would be to his interest to fix that character on Richard Tydings, whereby it would appear that his interest preponderated against the party by whom he was called to testify, and that being the case he was competent as a witness for appellee.

The next question for consideration is, whether appellee in order to avail himself of the Statute of Limitations should have notified appellant of the relation he bore to his co-obligor on the note? The statute does not require such notice, because perhaps the obligee or payee may be presumed to know the relations the obligors upon a note or obligation bear to each other; indeed the instances must be very rare in which these relations would not be known to the payee, and the assignment did not deprive the appellee of any defense that he could have used against the assignor of appellant. Section 6, chapter 22, 1 Rev. Stat., p. 269.

We perceive no error in the ruling of the court below prejudicial to appellant. Wherefore, the judgment is affirmed.

*Bush & Shivell,* for Appellant.

*Field,* for Appellee.